Casilda Alonso Widow of Passalacqua, Plaintiff and Appellant, *v.* Monserrate Cancel, Defendant and Appellee.

No. R-63-192.    Decided June 1, 1964.

*A. J. Amadeo Murga* for appellant. *Benjamín Ortiz* for appellee.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

PER CURIAM: Casilda Alonso widow of Passalacqua, plaintiff-appellant herein, filed a claim for five thousand dollars for damages suffered by her when she fell off a whirling machine or merry-go-round operated by defendant. She alleged that the accident occurred when a small wooden horse onto which she was holding became unfastened. The answer merely set up a general denial of all the facts.[1] After several incidents— interrogatories, request to admit facts, and others—the case was tried, and only appellant appeared. The court, after hearing the evidence, consisting solely of the testimony of plaintiff

---

[1] From the answer to certain interrogatories served on defendant, it appears that the latter's version was that plaintiff had jumped off the merry-go-round while the latter was in motion.

herself, entered judgment granting the complaint and ordering defendant to pay the sum of two thousand dollars as damages, plus costs, without attorney's fees.

■ ■ The only error assigned here is the failure of the trial court to include a pronouncement regarding attorney's fees.[2] Appellant is right. In *Soto* v. *Lugo*, 76 P.R.R. 416 (1954) we held that the fact that a sum substantially lower than the amount sought in the complaint is awarded as damages does not show lack of obstinacy and we stated that a defendant who in his answer denies the allegation of negligence, thereby extending the duration of the suit and compelling plaintiff to proceed with the litigation and attendant expenses, inconveniences, and work, is obstinate and does not cease to be so because a few days before the hearing of the case he admits his liability and limits the controversy to the amount of the compensation. We now add that the fact that he failed to appear at the hearing does not prove either that he was not obstinate when, as here, liability is refused in the answer. The result of defendant's behavior is the same—unduly extending the litigation—and the inescapable solution must be the same.

The judgment entered by the Superior Court, San Juan Part, on July 11, 1963, shall be modified in order to grant the sum of $300 as attorney's fees and, as modified, it shall be affirmed. And since in the instant petition for review his obstinacy is manifest, he is ordered to pay the additional sum of $200 as attorney's fees of appellant's counsel.

---

[2] We refused to grant a petition for a writ of review filed by defendant assigning as an error that the amount awarded as compensation was excessive.